# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIA HANNA, | Case No. EDCV 18-01988-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On September 18, 2018, Selvia Hanna ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on December 21, 2018. (Dkt. 14.) On March 26, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 19.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 40 year-old female who applied for Supplemental Security Income on November 4, 2014, alleging disability beginning December 1, 2000. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 4, 2014, the application date. (AR 17.)

Plaintiff's claim was denied initially on February 27, 2015, and on reconsideration on August 31, 2015. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Paula M. Martin on June 26, 2017, in Moreno Valley, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") Susan L. Allison also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on September 28, 2017. (AR 15-26.) The Appeals Council denied review on July 27, 2018. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the applicability of Listing 14.02.
2. Whether the ALJ conducted a proper residual functional capacity assessment.
3. Whether the ALJ properly considered the consultative examiner's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 4, 2014, the application date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: systemic lupus erythematosus; pulmonary embolism; nephritis; and adjustment disorder with anxiety and depressed mood. (AR 17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17-19.)

The ALJ then found that Plaintiff has the RFC to perform a range of light work as defined in 20 CFR § 416.967(b) and SSR 83-10 with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; she can occasionally climb ladders, ropes, and scaffolds; she can frequently stoop, kneel, crouch, or crawl; she could frequently push and pull bilaterally; she could frequently handle and finger bilaterally; she should avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, and poor ventilation; she was precluded from working around hazards such as machinery or unprotected heights; she can perform simple routine work, not at a production pace; and she can have occasional contact with supervisors, co-workers, and the public.

(AR 19-25.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.) Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff nas no past relevant work. (AR 25.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of marker-pricer and assembler (plastic hospital parts). (AR 25-26.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 26.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's determination that Plaintiff does not meet Listing 14.02 is supported by substantial evidence. The ALJ properly considered the

5

consulting psychological examiner's opinion in assessing Plaintiff's RFC. The ALJ's RFC is supported by substantial evidence.

## I. PLAINTIFF DOES NOT MEET OR EQUAL LISTING 14.02

Plaintiff alleges that lupus, kidney problems, arthritis, and mental health problems limit her ability to work. (AR 20.) She claims the above impairments cause swelling in her joints, difficulty using her hands, and difficulty ambulating. (AR 20.) She contends she has difficulty focusing and decreased energy. (AR 20.) She further alleges she cannot stand more than 10 minutes, walk more than 15 minutes, or sit more than 30-45 minutes. (AR 20.)

The ALJ did find that Plaintiff has the medically determinable severe impairments of systemic lupus erythematosus, pulmonary embolism, nephritis, and adjustment disorder with anxiety and depressed mood. (AR 17.) The ALJ, however, also found that Plaintiff can perform a reduced range of light work, limited to lifting and carrying of 20 pounds occasionally and six hours of standing, walking, or sitting in an eight hour workday. (AR 19.) The ALJ's RFC also provides that Plaintiff "can perform simple routine work, not at a production pace" and she can have occasional contact with supervisors, co-workers, and the public. (AR 20.) Based on the above RFC, the ALJ found that Plaintiff could perform light unskilled work in the national economy and is not disabled. (AR 25-26.)

Plaintiff, however, contends that she meets or equals Listing 14.02A for systemic lupus erythematosus. She contends that the ALJ erred by not finding her disabled at step three of the sequential process. The Court disagrees.

### A. Relevant Federal Law

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of listings . . . we will find that you are disabled"); 20 C.F.R. § 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th

Cir. 1999). There is no need for the ALJ to complete steps four and five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

The listings in Appendix 1 describe specific impairments considered "severe enough to prevent an individual from doing gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525. An impairment that meets a listing must satisfy all the medical criteria required for that listing. 20 C.F.R. § 404.1525(c)(3) (emphasis added). An impairment cannot meet a listing based only on a diagnosis. Section 404.1525(d). Medical equivalence will be found if the impairment "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). Medical equivalence is based on symptoms, signs, and laboratory findings. 20 C.F.R. § 404.1529(d)(3). The ALJ, however, is not required to discuss equivalency unless Plaintiff presents evidence of it. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).

Plaintiff bears the burden of proving she meets or equals a Listing. Id.; 20 C.F.R. § 416.920(a)(4)(iii).

**B.     Analysis**

The ALJ considered all physical impairments, singly and in combination, under all the Listings, including 14.02A. (AR 17-18.) The ALJ found that Plaintiff's impairments do not meet or medically equal the severity requirements of any Listing. (AR 18.) The ALJ observed, "No treating or examining medical source has recorded objective clinical or diagnostic findings that are the same as or medically equivalent to the criteria of any listed impairment." (AR 18.)

Listing 14.02 is defined as follows:

> 14.02 Systemic Lupus erythematosus
>
> A. Involvement of two or more organs/body systems, with:
>
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
>
> 2. At least two of the constitutional systems or signs (severe fatigue, fever, malaise, or involuntary weight loss).

20 C.F.R. Part 404, Subpart P, Appendix 1.

Plaintiff contends that her lupus causes joint pain and chronic nephritis, satisfying the requirement of two body systems. She also contends that her lupus affects her kidney functioning to a moderate level of severity. She claims to satisfy paragraph A2 based on fatigue and involuntary sustained weight loss. The record, however, does not support Plaintiff's contentions.

Plaintiff did not meet her burden to prove involuntary weight loss. There is no evidence of involuntary weight loss. Plaintiff's weight varied over the years within a 10 pound range with a normal BMI. (AR 305-799.) In numerous records, Plaintiff's doctors found no involuntary weight loss and repeatedly found no weight loss. (AR 305, 389, 391, 392, 445, 451, 462, 474, 477, 480, 483, 501, 516, 530, 535, 540, 549, 556, 566, 602, 693, 703, 715, 718, 753, 756, 772, 776, 784, 799.) Records of examinations cited by the Plaintiff as proof of weight loss even state "no weight loss" (AR 756) and "negative for weight gain and weight loss" (AR 766). Plaintiff fails to address this contrary evidence.

Nor is there any significant evidence of fatigue, much less "severe" fatigue. Plaintiff cites two records evidencing "some fatigue" (AR 606) and fatigue (AR 756). The ALJ acknowledged "intermittent" fatigue. (AR 22.) Otherwise, Plaintiff repeatedly reported no fatigue. (AR 305, 388, 391, 407, 445, 451, 462, 516, 549, 602, 753, 799.) Plaintiff fails to address this contrary evidence. Severe fatigue is defined in Listing 14.00(c) as "a frequent sense of exhaustion that results in significantly reduced physical activity or mental function." Plaintiff's medical records do not reflect the "severe fatigue" required by 14.02A2.

Plaintiff, moreover, cites to no record evidence or physician opinion that her chronic lupus nephritis affects her kidney functioning to a moderate level of severity. (JS 4:26-28.) Doctors routinely found Plaintiff's condition stable with no flares and doing well. (AR 22, 529, 470, 472, 475, 478, 481, 482, 484, 568, 708, 789, 795, 702, 704, 721, 724, 758, 762, 765, 771, 787, 789, 795.) There were but two occasions between 2013 and 2017 when a lupus flare or "suspected" lupus flare was noted. (AR 560, 563, 783.) Her physician in October 2014 stated there was no evidence of systemic flares. (AR 22.) On numerous occasions, Plaintiff reported feeling well and denied any flares. (AR 22.) Also, Plaintiff's nephrologist indicated her nephritis

was stable, her proteinuria had improved, and she had stable renal function. (AR 22.) Plaintiff responded well to medications for her lupus and nephritis and was able to perform her activities of daily living on an independent basis. (AR 22.) No physician expressed the opinion that Plaintiff's lupus or nephritis was of a moderate level of severity.

Plaintiff did not carry her burden to show the required elements of Listing 14.02A. Burch, 400 F.3d at 683. The record evidence does not support Plaintiff's claims of severe fatigue, involuntary weight loss, or a moderate level of severity of one organ/body system, each of which must be present to meet or equal Listing 14.02A.[1]

The ALJ's step three finding that Plaintiff does not meet or equal a Listing is supported by substantial evidence.

## II. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ's RFC is incomplete because it does not contain any limitation for her lupus flares. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

---

[1] The Court rejects Plaintiff's contention that the ALJ did not adequately explain her "conclusory" finding that Plaintiff does not meet or equal a Listing. The ALJ specifically observed that "[n]o physician treating or examining physician has recorded objective clinical or diagnostic findings that are the same as or medically equivalent to the criteria of any listed impairment." (AR 18.) The ALJ then discussed the medical evidence regarding Plaintiff's lupus and lupus nephritis elsewhere in the opinion. (AR 22.) The fact that the ALJ did so is immaterial. Lewis, 236 F.3d at 513 (Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) simply requires an ALJ to discuss and evaluate evidence that supports his or her conclusions; it does not specify that the ALJ must do so in a specific section of the report); Kruchek v. Barnhart, 125 F. App'x 825, 827 (9th Cir. 2005); Harris v. Astrue, 2009 WL 801347, at *7 (N.D. Cal. Mar. 25, 2009)

9

### B. The ALJ's RFC Is Not Incomplete

Plaintiff contends the ALJ should have included limitations for the episodic nature of her lupus flares in the RFC, such as absences from work, time spent off-task, or a reduction in her functional abilities during an active flare. The Court disagrees that added limitations were necessary.

The ALJ gave due consideration to Plaintiff's lupus flares in the decision. (AR 22, 24.) The ALJ acknowledged "intermittent" or "occasional" flares. (AR 22, 24.) The ALJ, however, also noted that in October 2014 Plaintiff's physician found no evidence of systemic flares. (AR 22.) Plaintiff cites evidence of one diagnostically confirmed active flare in 2015 (AR 560, 563) and one other flare, but two months later she felt fine with no joint pain (AR 775). The vast majority of records, as noted above, show Plaintiff's lupus condition was stable with no flares.

The ALJ, moreover, specifically found that Plaintiff responded well to her medications, which improved her condition. (AR 22.) Impairments that are controlled effectively with medication are not disabling. Warre v. Comm'r of Social Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ's RFC also is supported by State reviewing physicians Dr. Robert Jacobs and Dr. David Subin who reviewed the record and opined Plaintiff could perform a range of light work. (AR 23, 58, 60-62, 72.) The ALJ gave significant weight to their assessments, which did not include any limitations regarding Plaintiff's lupus flares. (AR 23.) The ALJ also found these opinions were consistent with the longitudinal evidence indicating Plaintiff did well on her medications and she was able to perform activities of daily living independently. (AR 23, 22.)

Plaintiff disagrees with the ALJ's RFC, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

The ALJ was not required to include limitations in the RFC for lupus flares.

**C.     The ALJ Properly Considered The Consulting Psychological Examiner's Opinion**

Plaintiff also contends that the ALJ's RFC is incomplete because it fails to include mental limitations assessed by consulting examiner Dr. Robin Rhodes Campbell, Ph.D.  The Court disagrees.

The ALJ determined that Plaintiff had the medically determinable severe impairment of adjustment disorder with anxiety and depressed mood.  (AR 17.)  To account for that impairment, the ALJ assessed these mental limitations: "she can perform simple, routine work, not at a production pace; and she can have occasional contact with supervisors, co-workers and the public."  (AR 20.)

The ALJ gave "great weight" to the opinion of Dr. Campbell.  (AR 23.)  Aided by diagnostic testing, Dr. Campbell found that Plaintiff had some memory impairment and some difficulty maintaining sustained attention.  (AR 23.)  Dr. Campbell diagnosed adjustment disorder with anxious and depressed mood.  (AR 23.)  She opined Plaintiff had moderate impairment in the following areas: (1) her ability to understand, remember, and carry out detailed instructions; (2) her ability to relate appropriately to the public, supervisors, and co-workers; and (3) her ability to withstand stress and changes associated with an eight hour workday and day-to-day activities.  (AR 23.)

Plaintiff argues that the  ALJ's RFC does not contain any limitations with the third impairment noted above.  The ALJ, however, did not reject Dr. Campbell's opinion.  The ALJ specifically states that Dr. Campbell's opinion (which would include all three moderate mental impairments) was consistent with the longitudinal evidence.

As the ALJ explained, in light of Dr. Campbell's finding that Plaintiff had some memory impairment and impaired concentration, Plaintiff was limited to performing simple, routine work.  (AR 24, 20.)  Due to anxiety and Plaintiff's apparent impairment in sustained attention, she was precluded from working at a production pace.  (AR 24.)  The ALJ also imposed limitations in social interaction because of Plaintiff's statement that she gets mad easily.  (AR 24.)

Additionally, at step two of the sequential process, the ALJ found moderate mental limitations based on Dr. Campbell's opinions. (AR 18-19.) More specifically, Dr. Campbell found that Plaintiff had moderate difficulties with concentration, persistence, and pace. (AR 18.) Dr. Campbell also found that Claimant had some deficits in attention and struggled to persist in tasks presented to her. (AR 18.) The ALJ found that despite these moderate limitations there was insufficient evidence that Plaintiff's ability to focus on work activities or stay on task at a sustained rate independently was seriously limited. (AR 18.) The ALJ also found that the evidence does not show that changes or increased demands have led to an exacerbation of symptoms and signs of deterioration in Plaintiff's functioning. (AR 19.) Thus, the ALJ did not ignore Dr. Campbell's opinion that Plaintiff had a moderate limitation in the ability to withstand stress and changes in the workplace. Courts, moreover, have found that moderate mental limitations like the ability to respond appropriately to stress and changes in a usual workday are not per se disabling, nor do they preclude performance of jobs that involve simple, repetitive tasks. Holland v. Colvin, 2016 WL 928665, at *3 (C.D. Cal. Mar. 4, 2016). Similarly here, the ALJ's moderate impairment finding would be accommodated by the simple routine work limitation in Plaintiff's RFC. (AR 20.) Indeed, here the simple routine work is limited even further by the limitation, "not at a production pace." (AR 20.)

Other factors support the ALJ's RFC. The ALJ discounted Plaintiff's subjective symptom allegations as "not completely consistent" with the totality of the evidence. (AR 20.) The ALJ found that Plaintiff's subjective complaints were not comparable to the frequency or extent of treatment sought. (AR 21.) Plaintiff denied ever receiving mental health treatment, was not seeing a psychiatrist or therapist, and had never been hospitalized. (AR 21.) The ALJ found that nowhere in the record is there a sufficient explanation for not seeking treatment and no assertion of an inability to pay. An ALJ may consider the failure to seek treatment or lack of treatment in evaluating credibility. Molina v. Astrue, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (failure to seek treatment is basis for discounting credibility); Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (unexplained or inadequately explained failure to seek treatment is a

valid basis for discounting credibility). Plaintiff never addressed her lack of mental health treatment.

Additionally, Plaintiff engaged in activities of living inconsistent with disability. (AR 20, 22, 24.) She performs light household chores, runs errands, shops, drives, cooks, and takes care of her personal hygiene. (AR 20-21.) An ALJ may consider whether a claimant's daily activities are inconsistent with disabling limitations. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). Plaintiff never addressed the ALJ's citation to and reliance on Plaintiff's inconsistent activities. Nor did Plaintiff challenge the ALJ's discounting of Plaintiff's subjective symptom allegations.

Plaintiff challenges the ALJ's RFC, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954.

The ALJ's RFC was not incomplete. It contains all appropriate mental limitations, including moderate limitations in Plaintiff's ability to withstand stresses and changes in the workplace.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's RFC non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 21, 2019          */s/ John E. McDermott*
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE